*677
Curia, per

Butler, J.
It might be made a question, whether the defendant had, on the circuit, or has now, any right to avail himself of any advantage growing out of his first ground of appeal. But as it was allowed to be discussed in the argument, it may not be amiss to express the judgment of the court upon it.
I think it never has been seriously contended, but that a Circuit Judge, having, in his capacity of a magistrate, a supervisory control over the public justice of the country, has a right to order a prosecution for a criminal offence coming within his official cognizance, and for that purpose, to have detained and impounded any paper upon \vhich the prosecution may be founded. When a paper of that character has been used, and is in the possession of the •court, it ceases to be under the exclusive control and confidential keeping of counsel. If it were otherwise, it would be in the power of a party to escape from the detection of his guilt, by interposing counsel between himself and the court. And this view is not in conflict with the case of the King vs. Dixon, 3 Bur. 1687. In that case, it appeared that one Peach, Dixon’s client, had produced and insisted on certain vouchers, before a Master in Chancery, and had subsequently delivered them over to his attorney, in confidence, for his advice and direction. It was held that the attorney, having received from his client these papers in a confidential communication, was not bound to produce them, under a subpoena duces tecum, in order that a prosecution for forgery might be founded on them. The note of the reporter explains the reason of the decision. These were not papers that had been detained or impounded by the Court of Chancery, but remained in Mr. Dixon’s hands, as papers belonging to his client. When Judge O’Neall, (if in fact he made such an order) directed the receipt, in the case before the court, to be detained and delivered over to the solicitor, it was no longer in the confidential possession of defendant’s counsel, but was a paper entirely under the control of the court; his order, therefore, so far as it regarded this paper, was both competent and proper.
The 2d ground of appeal presents as little difficulty. The original process, with its official insignia, was both *678 competent and sufficient evidence to shew that a suit had been pending in court.
As to the 3d ground, it may be remarked that both McClure and Wilson were sworn on the trial, and from the circumstances and facts deposed to by them, their relation as partners might well have been inferred by the jury. Whether they were partners or not, at the time the intended fraud was attempted to be committed, was a fact which was submitted to the jury, and upon which they have passed by the finding of their verdict. Motion refused.
Richardson, O’Neall, Evans, Wardlaw, and Frost, JJ. concurred.